UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 30 2009
Clerk, U.S. District and Bankruptcy Courts

Robert Andrew Reed,  )
            Plaintiff,  )
            )
v.  )   Civil Action No. 09 2051
            )
Alexis Battle *et al.*,  )
            )
            Defendants.  )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a pretrial detainee[1] at the District of Columbia's Correctional Treatment Facility, sues two District of Columbia residents, Alexis and Antoinette Battle, and a District of Columbia detective, Scott Dowling, for "intentional infliction of emotional distress, negligence and conspiracy." Compl. at 5 (page number supplied). He seeks monetary damages exceeding $10 million. Plaintiff alleges that Antoinette Battle coerced her daughter Alexis to file a false

---

[1] In a separately submitted petition for a writ of *habeas corpus*, plaintiff states that he is detained while awaiting trial for the charge resulting from the events underlying this case.

criminal complaint against him as an act of retaliation. He accuses Dowling of allowing the filing of the complaint without an investigation. *Id.* Plaintiff concludes that defendants' "subjected[ed] [him] to cruel & unusual punishment thus in violation of plaintiff [sic] procedural due process rights of the eighth and fourteenth amendment[s] to the United States Constitution," *id.* at 5-6, but he states no supporting facts. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) ("[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation omitted).

The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the parties are not of diverse citizenship. The complaint therefore will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: October  16 , 2009                      United States District Judge